IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE BASS TANK LLC, an Oklahoma Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>MET INC. D/B/A BASS BOAT ELECTRONICS, a Tennessee Corporation<br><br>    Defendant. | Case No. CIV-22-1086-D |

## **ORDER**

Before the Court is Defendant's Motion to Strike Jury Demand and Memorandum in Support of Its Motion ("Motion to Strike") [Doc. No. 46], to which Plaintiff filed a Response [Doc. No. 48].

In the Motion to Strike, Defendant asks the Court to strike Plaintiff's jury demand, as "there is no statutory or Seventh Amendment right to a jury trial given the equitable nature of the remedies being sought by Plaintiff." Def.'s Mot. to Strike at 1. Further, because the Court's summary-judgment ruling limited the universe of damages available to Plaintiff, "conducting a jury trial . . . would be an inefficient use of judicial resources." *Id.*

In an effort to expedite resolution of this matter, and assuming the Court strikes Plaintiff's jury demand, Defendant proposes the following:

- Admitting liability with respect to Plaintiff's Count III for cyberpiracy with Defendant maintaining all arguments with respect to minimizing the amount of statutory damages to be awarded by the Court pursuant to 15

U.S.C. § 1117(d).

- Admitting liability pursuant to Plaintiff's claims for trademark infringement and/or unfair competition such that Plaintiff is entitled to Defendant's "profits" pursuant to 15 US.C. § 1117(a) for sales between December 22, 2022 to January 6, 2023 (with Defendant still being entitled to prove "all elements of cost or deduction claimed").

*Id.* at 8. Defendant clarifies, however, that "expressly excluded from the above admissions are any arguments with respect to whether Defendants actions were willful and/or whether the circumstances of the present [case] would be considered 'exceptional' pursuant to 15 U.S.C. § 1117(a)." *Id.*

In response, Plaintiff agrees to voluntarily withdraw its jury demand, so long as Defendant's admissions to liability are enforced by the Court. Pl.'s Resp. to Mot. to Strike at 2. Accordingly, Plaintiff requests a Court order "granting judgment of liability on Plaintiff's Count III for cyberpiracy and on Plaintiff's claims for trademark infringement and/or unfair competition under federal law and directing Plaintiff's to file a voluntary withdrawal of its jury demand." *Id.*

Based on Plaintiff's agreement to voluntarily withdraw its jury demand, Defendant's Motion to Strike is rendered **MOOT** as to that request, and Plaintiff is directed to file a voluntary withdrawal of its jury demand. However, in an effort to expedite resolution of this case, and pursuant to the parties' agreement, the Motion to Strike is **GRANTED** as to Defendant's admissions of liability.

**IT IS THEREFORE ORDERED** as follows:

- Defendant is liable to Plaintiff under Plaintiff's Count III (Cyberpiracy). *See* Compl. [Doc. No. 1], ¶¶ 33-43. However, Defendant maintains all arguments with respect to minimizing the amount of statutory damages

2

to be awarded by the Court pursuant to 15 U.S.C. § 1117(d).

- Defendant is liable to Plaintiff under Plaintiff's claims for trademark infringement and/or unfair competition such that Plaintiff is entitled to Defendant's "profits" pursuant to 15 US.C. § 1117(a) for sales between December 22, 2022 to January 6, 2023 (with Defendant still being entitled to prove "all elements of cost or deduction claimed").

- Expressly excluded from the above admissions are any arguments with respect to whether Defendant's actions were willful and/or whether the circumstances of the present case would be considered "exceptional" pursuant to 15 U.S.C. § 1117(a).

**IT IS SO ORDERED** this 12th day of March, 2025.[1]

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] The parties have also filed a Joint Motion for Scheduling Order [Doc. No. 47]. But given the limited scope of issues that remain, the Court has requested that this case be re-referred to United States Magistrate Judge Shon T. Erwin for a judicial settlement conference. The Court anticipates an order from Judge Erwin in the near future in which he provides more detail on this front.

If the judicial settlement conference with Judge Erwin is unsuccessful, the Court will take up scheduling with the parties at that time. The Joint Motion for Scheduling Order is thus **DENIED** without prejudice to resubmission.